NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1113

OSCAR GRAY, JR.

VERSUS

MEL CREDEUR, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 07-3966
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and
Elizabeth A. Pickett, Judges.

AFFIRMED.

Joel E. Gooch
Allen & Gooch
P. O. Box 81129
Lafayette, LA 70598-1129
(337) 291-1210
Counsel for Defendant/Appellee:
        NCMIC Insurance Company

**Edward J. Walters, Jr.**
**Darrel J. Papillion**
**Walters, Papillion, Thomas, Cullens, LLC**
**12345 Perkins Road, Building One**
**Baton Rouge, LA 70810**
**(225) 236-3636**
**Counsel for Plaintiff/Appellant:**
     **Oscar Gray, Jr.**

**Jeanne Roslyn Lemmon**
**Cowan & Lemmon, LLP**
**P. O. Box 1030**
**Hahnville, LA 70057**
**(985) 783-9849**
**Counsel for Defendant/Appellee:**
     **Mel Credeur**

**DECUIR, Judge.**

Oscar Gray appeals from the trial court's grant of summary judgment in favor of NCMIC Insurance Company (NCMIC), the professional liability insurer of Mel Credeur, a Louisiana attorney. For the following reasons, we affirm the trial court's grant of the summary judgment.

## FACTS

On November 28, 2004, Oscar Gray was injured while working as a pipe fitter. In January 2005, Gray hired Mel Credeur, an attorney, to represent him. On November 28, 2005, Credeur filed suit on behalf of Gray in Bossier Parish. The accident occurred in Caddo Parish. Defendant's exception of improper venue was granted when Credeur failed to appear for the hearing. Gray received no notice of these events. In August 2006, Gray heard on the television news that Credeur's law license had been suspended. Gray made inquiry about his suit and found that it had been transferred to the court of proper venue, where an exception of prescription had been filed based on lack of service in the proper venue within the prescriptive period.

In 2007, Gray filed this malpractice action against Credeur and his insurer NCMIC. NCMIC filed a motion for summary judgment alleging that it provided a claims made policy for Credeur for the period from May 2005 to May 2006 and that no coverage applied to Gray's 2007 claim. The trial court granted the motion for summary judgment. This appeal ensued.

## DISCUSSION

The sole issue on appeal is whether the trial court erred in granting summary judgment in favor of NCMIC. Gray argues that NCMIC's claims-made policy violates La.R.S. 22:868 (formerly La.R.S. 22:629). We disagree.

We review a summary judgment determining insurance coverage *de novo*, using the same criteria for these insurance issues as those governing the trial court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). In the instant case, the nature of the policy is not disputed, the only issue is whether such a claims-made policy violates La.R.S. 22:868 (formerly 22:629).

This Louisiana Supreme court, in the context of a medical malpractice claim, determined that such claims-made policies do not violate the statute or public policy. *Hood v. Cotter*, 08-215 (La. 12/2/08), 5 So.3d 819. The court said:

> This court has previously examined claims-made policies on two occasions to determine whether the claims-made policies in those cases violated public policy. *Anderson v. Ichinose*, 98-2157 (La. 9/8/99), 760 So.2d 302, and *Livingston Parish Sch. Bd. v. Fireman's Fund Am. Ins. Co.*, 282 So.2d 478 (La.1973). In both of those cases, we held that claims-made policies are not *per se* impermissible as against public policy.

*Id.* at 825.

The court continued:

> Here, the claims-made policy denies coverage to defendant for plaintiff's claim, but it does not itself limit plaintiff's right of action. To hold otherwise would effectively convert a claims-made policy into an occurrence policy and change the bargained-for exchange between the insurer and the insured. As this court has previously held, claims-made policies are not *per se* impermissible or against public policy, and we do not interpret La. R.S. 22:629 as prohibiting the claims-made policy provision that makes coverage dependent upon a claim being first made and reported during the policy period. As in *Anderson*, the event that triggered policy coverage simply did not occur during the policy period. La. R.S. 22:629, which does not mandate coverage, but prohibits any condition, stipulation or agreement in an insurance contract from limiting a right of action against the insurer to a period of less than one year from the time when the cause of action accrues, was not violated as the claims-made coverage provision did not impermissibly limit plaintiff's cause of action.

*Id.* at 830.

2

Gray attempts to distinguish *Hood* on several grounds.  We find that all but one of these arguments is addressed in *Hood* itself.   We find the remaining argument that this case should be treated differently because it involves legal malpractice to be unpersuasive.  *Hood* involved a medical malpractice claim and we find its language to be broad enough to encompass legal malpractice claims as well.  Accordingly, the trial court's grant of summary judgment is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.

3